MABREY, Appellee,

v.

VICTORY BASEMENT WATERPROOFING,
INC., d.b.a. Everdry of Lima, Appellant.

[Cite as *Mabrey v. Victory Basement Waterproofing, Inc.* (1993), 92 Ohio App.3d 8.]

Court of Appeals of Ohio,
Hardin County.

No. 6–93–12.

Decided Dec. 22, 1993.

---

*Terry L. Hord,* for appellee.

*Daley, Balyeat, Balyeat & Leahy* and *William B. Balyeat,* for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Hardin County denying appellant's motion filed on the eve of trial seeking leave to file an amended complaint setting forth as an affirmative defense the right to arbitration of the matter in suit.

Appellant is Victory Basement Waterproofing, Inc. ("Victory"). On January 24, 1992, claiming to be a consumer whose business was solicited by Victory, appellee Margaret Mabrey filed her complaint against Victory alleging claims for Victory's violation of the Consumer Sales Practices Act, breach of express warranty, negligence, fraud, and deceptive trade practices, asking for an injunction, declaratory judgment, treble money damages, compensatory and exemplary damages and attorney fees. Summons and complaint were served on Victory's agent on January 28, 1992.

Victory filed its answer to Mabrey's complaint on February 26, 1992, separately admitting or denying each of the forty-five allegations of Mabrey's complaint. No affirmative defenses were asserted in the answer. No objections to jurisdiction were presented. Victory made no claim of right to arbitrate the matter.

The clerk's docket reflects no further filings or proceedings in the cause until a year later, when on February 26, 1993, Victory filed its motion for leave to file a counterclaim. With leave granted by order entered March 2, 1993, the counterclaim was filed March 4, 1993, demanding a money judgment on Victory's single claim against Mabrey alleging an unpaid bill owed Victory by Mabrey for services rendered by it to her pursuant to a contract.

On March 11, 1993, Mabrey filed with the clerk her notice of service on Victory of written interrogatories. Although she had previously filed a memorandum in opposition to Victory's motion for leave to file its counterclaim, on April 5, 1993 Mabrey filed her answer denying Victory's counterclaim and asserting affirmative defenses.

On April 26, 1993, Mabrey filed her motion for an order compelling Victory to answer the interrogatories previously served, and a motion for leave to file a motion for summary judgment in her favor on Victory's counterclaim.

Pursuant to prior assignment, on April 28, 1993, the trial court held a pretrial conference. Its order entered in consequence of that conference established the final date for completion of discovery, set the date of final pretrial and ordered that a jury trial commence August 25, 1993. Two days of the court's calendar were set aside for the trial. On April 30, 1993, Mabrey filed with the clerk her notice of service of her second set of interrogatories to Victory.

Victory filed a motion on May 10, 1993, requesting the court's order dismissing its counterclaim with prejudice, which motion the court granted by order entered July 13, 1993.[1]

After the initial pretrial conference and until final pretrial conference held August 3, 1993, the parties pursued discovery measures and exchanged expert witness statements. At final pretrial, the court extended the time for completion of discovery. Also on August 3, 1993, the parties exchanged and filed their witness lists for trial to be held as scheduled August 25–26, 1993. By August 16, 1993, Mabrey had issued subpoenas for her witnesses, had served and filed notice specifying damages and amending the demand of the complaint pursuant to the rules, and had filed her request for a jury view. On August 18, 1993, Victory filed its separate request for a jury view. On August 19 and 24, 1993, Mabrey filed supplemental witness lists and on the latter date also filed an additional expert witness report.

On the morning of August 24, 1993, Victory filed its "Motion For Leave To File Amended Answer" seeking to amend its former answer to the complaint by adding an "Affirmative Defense" that a term of a contract between Victory and Mabrey required the parties to arbitrate "any claim and controversy arising out of or relating to this contract or the breach thereof," both the motion and the supporting memorandum of counsel asserting that the "matter is jurisdictional" and urging dismissal of the action and submission of the case to arbitration.

That afternoon, the trial court entered its order, from which this appeal is taken, overruling Victory's motion for leave, stating the court's finding that in the circumstances Victory had waived its right to arbitration. The court further concluded that "this is a final appealable order under R.C. 2711.02," and certified that "there is no just reason for delay."

Omitting the caption and the formal recitations, the trial court's order before us on appeal is:

"Motion of Defendant requesting leave to file an amended answer setting forth its right to arbitration is hereby overruled as the Defendant is in default in proceeding with arbitration. Defendant has waived the right to arbitration by filing an answer not demanding arbitration, by filing a counterclaim subsequently dismissed with prejudice, and by waiting until the day before a scheduled jury trial to assert its right to arbitration by means of a request to amend its answer. Although the matter has not yet proceeded to trial, allowing Defendant to assert

---

1. Although the procedure followed is not specifically provided for by Civ.R. 41, because Victory as counterclaimant unilaterally might have dismissed its claim without prejudice pursuant to Civ.R. 41(A)(1)(a), we perceive no impediment to its permanently abandoning and dismissing forever its claim against Mabrey.

this right the day prior to a scheduled jury trial would be a gross miscarriage of justice."

Presumably, because the trial court and counsel considered it to be such, we are reviewing this judgment as one made final and appealable by the terms of R.C. 2711.02, providing for appeal of certain judgments entered by courts when a party to litigation has claimed the right to arbitration of all or part of the matter in suit. The pertinent language of R.C. 2711.02 describes the sort of order it affects as being:

"An order under this section that grants or denies a stay of a trial of any action pending arbitration, including * * * an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal * * *."

"An order under this section" is defined in the immediately preceding portion of R.C. 2711.02 as:

"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

The record before us discloses no express determination by the trial court that in the proceeding before it there was a written agreement for arbitration or that the matter in issue in the proceeding before it was referable to arbitration under that or any other written agreement for arbitration. Nevertheless the trial court concluded that its judgment was entered pursuant to R.C. 2711.02 and we presume it made the finding necessary to support the conclusion.

Although the judgment entry purports to be based on a determination that the defendant is in default of an agreement to arbitrate and has thus waived arbitration, and although the judgment recites that it is a final, appealable order, it was not entered on "application of one of the parties" to "stay the trial of the action until the arbitration of the issue has been had" and it neither expressly grants nor denies a stay of trial pending arbitration, but merely denies Victory's untimely motion for leave to plead. Trial proceedings in this cause have been interrupted only by the pendency of this appeal. For purposes of this appeal we consider the delay of the trial inherent in the trial court's order to be an effective stay of that proceeding because the cause did not proceed as previously scheduled pending the filing of the notice of appeal and in view of the trial court's

certification of "no just reason for delay" of an entry of an order permitting an appeal of the order denying leave.

■ An order denying leave to plead is interlocutory and in the absence of a statute expressly making it so is neither a final order nor appealable, regardless of the trial court's certification. However, the trial court's judgment before us recites that the motion was denied as untimely because the manner in which the movant had conducted its proceedings to date amounted to a waiver of the right to arbitration to be newly asserted by the pleading for which leave to plead was sought. Therefore we consider and decide this appeal as taken from a final appealable order, for we interpret the language of the statutory classification of final appealable orders quoted above from the final portion of R.C. 2711.02 as if presented disjunctively, permitting appeal of an order of the sort entered below based upon a finding that arbitration has been waived.

Victory's assignment of error is:

"The Court of Common Pleas of Hardin County, Ohio erred when it overruled defendant's motion for leave to file an amended answer and its proposed answer with affirmative defense."

■ Ordinarily the granting or withholding by a court of its leave or permission for a party to perform or omit performance of some act the party otherwise has no right or authority to do or omit doing is a matter of grace falling within the court's discretion, reviewable only for abuse of that discretion. In view of the relief sought by the motion filed in the trial court and of the ruling assigned as error on appeal, we believe we may review the action of the trial court only for abuse of discretion in the circumstances, a standard of review requiring us to affirm the order on appeal if no abuse is found. We affirm.

Here Victory asked the trial court to exercise its discretion to grant leave for the filing of an amended pleading. 22 Ohio Jurisprudence 3d (1980), Courts and Judges, Section 245, fn. 57, explains that the " * * * term 'discretion' is defined as the power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court * * *."

The term "abuse of discretion" has been defined by the Ohio Supreme Court on a number of occasions, such as in *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149:

"The term 'abuse of discretion' connotes more than an error at law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.)

In *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252, citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313, the Supreme Court elaborated:

"[A]n abuse of discretion involves far more than a difference of opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias * * *."

Amendment of pleadings is governed by Civ.R. 15, which provides that after the time for pleading has closed a party may amend its pleadings only with leave of court or with the written consent of the adverse party, but that leave shall be freely given when justice so requires.

The so-called affirmative defense Victory wishes to assert by amended answer is not one of those enumerated in Civ.R. 8(C) and it does not appear to be a matter in avoidance of the subject matter of Mabrey's complaint. Rather, it seems Victory objects to the forum in which the dispute is to be aired.

Victory's claim that the "matter is jurisdictional" is couched in terms of waiver of jurisdiction; hence, we view this claim as addressing personal jurisdiction of the parties only, for the court of common pleas in which the action was brought is a court of general jurisdiction having jurisdiction of the subject matter of all claims for which Mabrey sought relief by her complaint including any which may be based on the contract said to establish the parties' agreement to arbitrate.

Clearly, when filing her complaint in the court of common pleas, Mabrey demonstrated her desire to abjure the arbitration process, if her claims indeed are made in consequence of acts or omissions concerning the contract establishing the right and duty to arbitrate claimed by Victory. By filing her complaint she has submitted to the jurisdiction of the court. Likewise, Victory, having been served with process and having filed pleadings responsive to the complaint against it has pursued a course of preparation not for arbitration but for trial, including invoking the court's jurisdiction to resolve its own claim for affirmative relief based on the contract it asserts, and including discovery and demand for a jury view, the latter request especially pertinent only to judicial, not arbitration proceedings. Nothing in the record, by pleading or otherwise, during the year's trial preparation preceding Victory's last-minute motion for leave forewarned either the trial court or Mabrey of Victory's claim of right to arbitrate the matters in suit. In the circumstances described, we find no abuse of the trial court's discretion by entering the order from which Victory has taken this appeal.

For the reasons stated, we find no merit in the assignment of error presented.

The judgment of the Court of Common Pleas of Hardin County is affirmed and this cause is remanded to that court for further proceedings.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.