OPINION
{¶ 1} Defendants Michael and Stephanie Lee Frazier appeal a judgment of the Court of Common Pleas of Knox County, Ohio, which struck their pleading entitled Judicial Notice and Defendant's Opposition to Entry of Judgment and Decree in Foreclosure pursuant to Civ. R. 12 (F). Appellants assign four errors to the trial court:
 {¶ 2} "I. Whether defendants/appellants were denied due process of law as judicial notice and defendant's opposition to entry of judgment and decree in foreclosure was decided absent an oral hearing.
 {¶ 3} "II. Whether defendants/appellants were denied due process of law as judicial notice and defendant's opposition to entry of judgment and decree in foreclosure was a result of a decision against defendants/appellants may have been due to prejudice and bias by the presiding judge.
 {¶ 4} "III. Whether defendants/appellants were denied due process of law as judicial notice and defendant's opposition to entry of judgment and decree in foreclosure were timely, valid, lawfully and procedurally sufficient and had a right to oral argument to oppose plaintiff's opposition, wherein no oral argument was considered nor was defendants/appellants allowed a right to an oral hearing.
 {¶ 5} "IV. Whether defendants/appellants were denied due process of law as the presiding judge was decision maker in the instant case, to which the defendant's requested the presiding judge's recusal based on a previous affidavit of disqualification and whethe or not the presiding judge could remain focused and neutral and obstain [sic] from being prejudicial based on the defendants/appellants prior allegations of bias."
 {¶ 6} The record indicates appellee Chase Manhattan Mortgage Corporation filed a complaint in foreclosure on September 12, 2002. On December 16, 2002, appellee filed its motion for summary judgment. Appellants, owners of the subject property, filed a motion in opposition, a motion to dismiss, and a motion for an oral hearing. The trial court overruled all of appellants' motions, and sustained appellee's motion for summary judgment on February 21, 2003.
 {¶ 7} On May 7, 2003, appellants filed a pleading entitled Judicial Notice and Defendant's Opposition to Entry of Judgment and Decree of Foreclosure. On May 8, 2003, appellants filed an affidavit of disqualification with the Supreme Court, attempting to remove the trial judge assigned to this case. On August 6, 2003, Chief Justice Moyer entered judgment denying the affidavit of disqualification.
 {¶ 8} On August 22, 2003, the trial court struck appellants' pleading of May 7 on appellee's motion. Also, on August 22, 2003, by separate entry, the court entered a decree in foreclosure of the subject property.
 {¶ 9} On September 4, 2003, appellants filed their notice of appeal, attaching to it as the order appealed from the court's entry striking their pleading.
 {¶ 10} Appellees urge the trial court's judgment of February 21, 2003, granting appellee's motion for summary judgment, was the final appealable order. We do not agree. The trial court's judgment entry of February 21, 2003, was not a final appealable order, because it only sustains appellee's motion for summary judgment. The final order in this case is the August 22, 2003 judgment entry and decree in foreclosure which sets forth the interests of the parties and orders sale of the property. The Supreme Court has held an order of foreclosure is a final order,Third National Bank of Circleville v. Speakman (1985),18 Ohio St. 3d 119, citing The Oberlin Savings Bank Company v.Fairchild (1963), 175 Ohio St. 311.
 {¶ 11} Appellants did not appeal from the final order of the court, but rather the judgment entry striking their opposition to the court's entry of summary judgment.
 {¶ 12} We find the judgment entry striking their pleading was not a final appealable order. This court has jurisdiction to review final orders pursuant to Section 3, Article IV of the Ohio Constitution, and R.C. 2505. If an order is not final and appealable, we have no jurisdiction to review it, and it must be dismissed, Whitaker-Merrell v. Geupel Construction Company (1972), 29 Ohio St. 2d 184.
 {¶ 13} The appeal is dismissed for lack of jurisdiction.
Gwin, P.J., Wise, J., and Boggins, concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the within appeal is dismissed for lack of jurisdiction. Costs to appellants.