[Cite as *Summit Mgt. Servs., Inc. v. Andrews*, 2011-Ohio-2013.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUMMIT MANAGEMENT
SERVICES, INC.

    Appellee

    v.

DEANNA ANDREWS, et al.

    Appellants

C.A. No.    25515

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2009 CVF 04471

DECISION AND JOURNAL ENTRY

Dated: April 27, 2011

CARR, Judge.

{¶1} Appellants, Deanna Andrews and Joel Potter, appeal the order of the Stow Municipal Court which ordered that their first amended answer, counterclaim, and third-party complaint be stricken. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2} Appellee, Summit Management Services, Inc. ("Summit"), filed a complaint alleging that appellants breached a lease agreement. Mr. Potter sent a letter to the trial court, answering the complaint and denying the allegations. Subsequently, an attorney filed a notice of appearance on behalf of both Ms. Andrews and Mr. Potter.

{¶3} Ms. Andrews and Mr. Potter filed a motion to dismiss the complaint, Summit responded in opposition, and the defendants replied. The magistrate denied the

motion to dismiss. Ms. Andrews and Mr. Potter filed a combination motion which included, among other things, a motion to set aside the magistrate's order and a motion for leave to file an amended answer and counterclaim. On April 20, 2010, the trial court denied the defendants' motion to set aside and motion for leave to file an amended answer and counterclaim. The next day, the magistrate granted leave to the defendants to file an amended answer and counterclaim. Ms. Andrews and Mr. Potter thereafter filed a "first amended answer, counterclaim and third-party complaint." Summit filed a letter with the clerk of courts, requesting that the clerk strike the magistrate's April 21, 2010 order because it ruled on a motion which the judge had denied one day earlier. In response, the magistrate ordered the following: "The magistrate controls the case and docket and the Defendant will be permitted to litigate and defend her case. The magistrate's Order of 4-21-10 will remain in effect."

{¶4} On May 19, 2010, Ms. Andrews and Mr. Potter filed a motion for class certification. On June 3, 2010, and after a hearing on May 27, 2010, the trial court judge issued an order directing that her April 20, 2010 order "stands." The trial court reiterated that the defendants' motion for leave to file an amended answer and counterclaim was denied and that the magistrate's April 21, 2010 order to the contrary was "moot." The trial court, therefore, ordered stricken from the record the defendants' amended answer, counterclaim, and third-party complaint. The trial court denied the motion for class certification as the basis for the motion (the counterclaim and third-party complaint) no longer existed. The trial court noted that the only remaining claim was Summit's

complaint and scheduled the matter for a bench trial. Ms. Andrews and Mr. Potter appealed, raising one assignment of error.

<u>**ASSIGNMENT OF ERROR**</u>

"THE TRIAL COURT ABUSED IT[S] DISCRETION BY STRIKING DEFENDANTS' PLEADINGS FOR THE EXPRESS PURPOSES OF AVOIDING THE BURDEN OF A CLASS ACTION ON THE COURT CLERK, AVOIDING CONSIDERATION OF THE MERITS OF THE CLASS ACTION CLAIM AND PRESSURING APPELLANTS TO SETTLE."

**{¶5}** In their sole assignment of error, Ms. Andrews and Mr. Potter argue that the trial court abused its discretion by striking their amended answer, counterclaim, and third-party complaint.

**{¶6}** As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M. "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson* (1999), 86 Ohio St.3d 225, 229; see, also R.C. 2505.02(B)(1).

**{¶7}** The trial court's order striking the defendants' pleadings is not a final, appealable order. *Chase Manhattan Mort. Corp. v. Frazier*, 5th Dist. No. 2003-CA-31, 2004-Ohio-5523, at ¶12. Moreover, the order striking the pleadings arose out of the trial

court's contemporaneous adherence to its previous order denying leave to defendants to file such pleadings. The denial of a defendant's motion for leave to plead is also not a final, appealable order. *Mabrey v. Victory Basement Waterproofing, Inc.* (1993), 92 Ohio App.3d 8, 13 (holding that "[a]n order denying leave to plead is interlocutory and in the absence of a statute expressly making it so is neither a final order nor appealable[.]") Because the trial court's order striking Ms. Andrews' and Mr. Potter's pleading is not a final, appealable order, this Court is without jurisdiction to consider the merits of the appeal.

Appeal dismissed.

——

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

BELFANCE, P.J.
DICKINSON, J.
<u>CONCUR</u>

APPEARANCES:

DEAN S. HOOVER, Attorney at Law, for Appellants.

SARAH S. GRAHAM, Attorney at Law, for Appellee.