[Cite as *Stiles v. Hayes*, 2015-Ohio-4141.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| TIM STILES, | : | |
| Petitioner-Appellee, | : | CASE NO. CA2015-01-007 |
| | : | O P I N I O N<br>10/5/2015 |
| - vs - | : | |
| | : | |
| TERESA HAYES, et al., | : | |
| Respondent-Appellant. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 21340062

Tim Stiles, 853 Wachesaw Road, Lot 2, Murrells Inlet, South Carolina, 29576, petitioner-appellee, pro se

Robert C. Petty, 555 City Park Avenue, Olde Towne Center, Columbus, Ohio 43215, for respondent-appellant, Teresa Hayes

Elizabeth A. Warren, 5354 Cemetery Road, Hilliard, Ohio 43026, for respondent-appellee, Adam Gordon

**S. POWELL, P.J.**

{¶ 1} Respondent-appellant, Teresa Hayes, appeals from the decision of the Madison County Court of Common Pleas, Juvenile Division, denying her motion to vacate its judgment granting temporary and legal custody of her three children to petitioner-appellee, Tim Stiles, and respondent-appellee, Adam Gordon, without holding an evidentiary hearing.

For the reasons outlined below, we affirm.

{¶ 2} On May 20, 2013, Stiles filed a complaint with the trial court requesting temporary custody of his minor daughter, as well as the child's two young half-brothers. Hayes is the mother of all three children, with Gordon the father of one of the children. As part of his complaint and accompanying affidavit, Stiles claimed Hayes was presumed homeless, but that she had previously been residing with her mother at an address located in Grove City, Ohio.

{¶ 3} On June 3, 2013, the trial court sent a summons by certified mail to the Grove City address notifying Hayes of Stiles' complaint seeking temporary custody of her children. The trial court also sent Hayes notice that the matter was scheduled for a pretrial hearing on July 18, 2013. The certified mailing was subsequently returned unclaimed on June 19, 2013. However, after the certified mailing was returned, the trial court reissued the summons to Hayes at the Grove City address by ordinary mail. It is undisputed that the ordinary mail envelope sent to the Grove City address was not returned by the postal authorities with an endorsement showing failure of delivery.

{¶ 4} On June 17, 2013, Gordon filed his own complaint with the trial court requesting temporary custody of his son. Stiles, who had been granted emergency temporary custody of all three of Hayes' children, did not object to Gordon's request. Thereafter, on June 27, 2013, the trial court sent another summons by certified mail to the Grove City address notifying Hayes of Gordon's complaint seeking temporary custody of his son. Just as before, the trial court also included a notice that the matter was scheduled for a pretrial hearing on July 18, 2013. However, unlike the trial court's first attempt to provide service by certified mail, this certified mailing was accepted and signed for by Hayes' mother.

{¶ 5} On July 24, 2013, the trial court issued a decision granting Stiles temporary custody of his daughter and her half-brother, whereas Gordon was granted temporary

custody of his son. As part of this decision, the trial court noted that Hayes had not appeared at the trial court's pretrial hearing held on July 18, 2013.

{¶ 6} Several months later, on February 13, 2014, Gordon filed a motion requesting the trial court change its previous order granting him temporary custody of his son to that of an order granting him legal custody. The next day, February 14, 2014, Stiles filed a similar motion for legal custody of his daughter and her half-brother. The trial court granted both motions in separate entries filed on February 21, 2014. The entries indicate the trial court's decision granting legal custody to Stiles and Gordon was then sent by ordinary mail to the Grove City address. Once again, it is undisputed that the ordinary mail envelope was not returned by the postal authorities with an endorsement showing failure of delivery.

{¶ 7} On May 16, 2014, Stiles filed a motion notifying the trial court of his intent to relocate to South Carolina. Approximately one month later, on June 17, 2014, Hayes filed a letter with the trial court seeking to block Stiles from relocating out of state. As part of her letter, Hayes stated, in pertinent part, the following:

> Tim Stiles had previously sent me a picture of a letter through text, stating he was requesting to move with my children out of state. I expected to receive notice through the courts of a hearing, where I would be heard. However, to my dismay, I am only finding out today, that the request has been granted, without a hearing, or my knowledge.

In addition, seemingly acknowledging that she did not have custody of any of her three children, Hayes also stated as part of her letter that "[t]he only thing stopping me from custody now – or requesting custody, is housing, which I am vigilantly working on."

{¶ 8} On July 15, 2014, the trial court held a hearing on Stiles' motion to relocate. At the hearing, Hayes appeared pro se and argued she had only recently received notice of Stiles' motion. Hayes then moved the trial court for a continuance in order to retain the services of an attorney. Hayes, however, did not raise any objection as to whether the trial

court retained personal jurisdiction over her, nor did Hayes raise any issue in regards to the trial court's previous decisions to grant temporary and legal custody of her three children to Stiles and Gordon.

{¶ 9} On December 2, 2014, after retaining the services of an attorney, Hayes filed a motion to vacate the trial court's decisions granting temporary and legal custody of her three children to Stiles and Gordon. As part of her motion, Hayes argued she never received notice regarding either Stiles' or Gordon's complaints for temporary and legal custody, thereby rendering the trial court's decisions granting them custody void due to a lack of personal jurisdiction over her. The trial court subsequently denied Hayes' motion to vacate without holding an evidentiary hearing. In so holding, the trial court found "service, according to the Rules of Civil Procedure, was completed to Respondent, Teresa Hayes."

{¶ 10} Hayes now appeals from the trial court's decision, raising two assignments of error for review. For ease of discussion, Hayes' two assignments of error will be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE FOR LACK OF JURISDICTION.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE WITHOUT A HEARING.

{¶ 15} In her two assignments of error, Hayes argues the trial court erred by denying her motion to vacate without holding an evidentiary hearing. We disagree.

{¶ 16} "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 12. In some instances, however, "a party who voluntarily submits to the court's

- 4 -

jurisdiction may waive available defenses, such as insufficiency of service of process or lack of personal jurisdiction." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 13. For instance, in most civil actions, "the defense of lack of personal jurisdiction usually must be raised either in the defendant's answer or in a pre-answer motion." *U.S. Bank Natl. Assn. v. Golf Course Mgt., Inc.*, 12th Dist. Clermont No. CA2008-08-078, 2009-Ohio-2807, ¶ 48, citing *Beachler* at ¶ 17. In addition, "[i]f the defendant makes an appearance in the action, either in person or through his or her attorney, without raising the defense of lack of personal jurisdiction, then the defendant is considered to have waived that defense." *Beachler* at ¶ 17.

{¶ 17} After a thorough review of the record, we find Hayes did not raise the defense of lack of personal jurisdiction in regards to the trial court's decisions to grant Stiles and Gordon temporary and legal custody of her children in her June 17, 2014 letter to the trial court objecting to Stiles' motion to relocate, nor did she raise the defense when she personally appeared before the trial court at the July 15, 2014 hearing on the matter. In turn, although Hayes now claims the trial court lacked personal jurisdiction over her because it sent notice to the wrong address, Hayes waived that defense by failing to timely raise it as part of her initial appearance before the trial court. Simply stated, by failing to timely assert the defense of lack of personal jurisdiction, Hayes submitted to the trial court's jurisdiction over her person. Therefore, without providing any opinion in regards to the trial court's decision finding service of process was completed according to the rules of civil procedure, we find the trial court did not err in denying Hayes' motion to vacate without holding an evidentiary hearing.

{¶ 18} In reaching this decision, we note that although she has now retained the services of an attorney, parties who appear "pro se are held to the same standard as litigants who are represented by counsel." *Jones v. Nichols*, 12th Dist. Warren No. CA2012-02-009,

2012-Ohio-4344, ¶ 23, citing *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1. As a result, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. *U.S. Bank Natl. Assn. v. Keefer*, 12th Dist. Madison No. CA2013-09-032, 2014-Ohio-4759, ¶ 6. In other words, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Accordingly, because Hayes waived any issue related to the trial court's personal jurisdiction over her by appearing and participating in the trial court proceedings without asserting that as a defense, Hayes' two assignments of error are without merit and overruled.

{¶ 19} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.