[Cite as *Chambers v. Setzer*, 2016-Ohio-3219.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| LISA M. CHAMBERS a.k.a. SETZER, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2015-10-078 |
| | : | O P I N I O N |
| - vs - | | 5/31/2016 |
| | : | |
| MICHAEL J. SETZER, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 11 DRC 00099

Lisa M. Chambers, 2430 Vanderbilt Beach Road, Suite 108-279, Naples, FL 34109, plaintiff-appellant, pro se

David B. Sloan, 25 Town Center Blvd., Suite 201, Covington, KY 41017, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Appellant, Lisa Chambers, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, which ruled on several post-divorce motions.

{¶ 2} In 2011, the trial court granted a dissolution of the parties' marriage. The court also adopted the parties' separation agreement and later adopted an amendment to the separation agreement. In May 2015, a magistrate held a hearing to address post-decree

motions filed by the parties, including several motions for contempt and a motion to enforce the parties' agreed entry regarding real estate.

{¶ 3} The magistrate issued a decision on the motions on August 18, 2015. The trial court adopted the magistrate's decision at 9:13 a.m. on September 9, 2015. Chambers filed a request to extend the time for filing objections that was file stamped at 11:36 a.m. on the same day. On September 11, 2015, the trial court issued a decision denying Chambers' motion, finding that the request for an extension was untimely because the magistrate's decision had already been adopted by the trial court.

{¶ 4} Chambers now appeals the trial court's September 9, 2015 entry adopting the magistrate's decision. In her pro se brief, Chambers asks this court to independently review the record for errors pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

{¶ 5} However, the procedure outlined in *Anders* typically only applies in criminal cases where appointed counsel determines that an appeal is frivolous. *Swartz v. Ohio Department of Job and Family Services*, Butler No. CA2014-01-004, 2014-Ohio-3552, ¶ 5. As this case involves post-decree matters in a dissolution of marriage and Chambers has appealed unrepresented by counsel, *Anders* is clearly not applicable to this case on appeal.

{¶ 6} In her brief, Chambers lists eight "potential assignments of error" for our review. However, each of these "potential assignments of error" is a brief statement without any explanation of the argument, facts or reasoning supporting the argument or citation to the record. App.R. 16(A)(7) states that an appellant shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 7} "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Sparks v. Sparks*, 12th Dist. Warren No. CA2010-10-096, 2011-Ohio-5746,

¶ 17. "An appellant must present his or her contentions with respect to each assignment of error and the reasons supporting those contentions, including citations to legal authorities and parts of the record upon which the appellant relies." *Id.* This court may disregard an assignment of error if a party fails to identify in the record the error on which the assignment of error is based, or fails to argue the assignment separately in the brief. App.R. 12(A); *Stewart v. Vivian*, 12th Dist. Clermont No. CA2015-05-039, 2016-Ohio-2892, ¶ 112. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ 8} Finally, and most critically, Chambers has appealed from the trial court's entry adopting the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 9} As mentioned above, the magistrate's decision was issued on August 18, 2015. Appellant had 14 days to file objections from the magistrate's decision. Civ.R. 53(D)(3)(b)(i). Appellant failed to file either objections or a motion for an extension during this time period. Once the trial court adopted the magistrate's decision it became a final order of the court and the trial court was without jurisdiction to permit objections to the magistrate's decision. *Napier v. Cieslak*, 12th Dist. Butler No. CA2014-12-242, 2015-Ohio-2574; *Learning Tree Academy v. Holeyfield*, 12th Dist. Butler No. CA2013-10-194, 2014-Ohio-2006. Accordingly, because she failed to timely object, Chambers has waived these issues on appeal.[1]

---

1. Chambers has not presented any argument alleging plain error in the court's decision.

{¶ 10} We recognize that Chambers was acting pro se in the trial court and that she acted pro se in this appeal. However, litigants who proceed pro se are held to the same standard as those who are represented by counsel. *Stiles v. Hayes*, 12th Dist. Madison No. CA2015-01-007, 2015-Ohio-4141, ¶ 18. As a result, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that she remains subject to the same rules and procedures to which represented litigants are bound. *Id.* "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 11} For the reasons discussed above, we find no merit to Chambers' appeal and the judgment of the trial court is affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.