[Cite as *Whitling v. Whitling*, 2017-Ohio-8197.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| TIMOTHY C. WHITLING, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2016-08-146 |
| | : | O P I N I O N |
| - vs - | | 10/16/2017 |
| | : | |
| LISA WHITLING, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR1506 0456


Timothy C. Whitling, 5475 West Fork Road, Lynx, Ohio 45650, plaintiff-appellant, pro se

Lisa Whitling, 5303 Lakeside Drive, Fairfield, Ohio 45014, defendant-appellee, pro se


**PIPER, J.**

{¶ 1}   Appellant, Timothy Whitling, appeals a decision of the Domestic Relations Division of the Butler County Court of Common Pleas in a divorce action.  For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2}   Tim and Lisa Whitling were married in 2007.  Both parties had previously been married and after their marriage generally kept their finances separate.  They bought a house together and both contributed toward the mortgage.

{¶ 3} Tim filed a complaint for divorce on the grounds of incompatibility on June 5, 2015. Lisa answered and counterclaimed for divorce on the grounds of gross neglect of duty and extreme cruelty. An agreed entry divided household goods and furnishings. In October 2015, Tim moved to dismiss his attorney, then filed a number of pro se motions on various issues, including discovery.

{¶ 4} A final hearing on the divorce was held on May 3, 2016. Proceeding pro se, Tim presented several witnesses and offered a number of exhibits which were all admitted into evidence. Lisa testified and was cross-examined by Tim. The court issued a decision on the divorce and division of property. Prior to the final decree of divorce, Tim filed a number of pro se motions, along with various other filings. The final divorce decree was entered on July 21, 2016.

{¶ 5} Proceeding pro se on appeal, Tim appeals the trial court's decision in the divorce action. His brief lists the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED FAILING TO APPLY CORRECTLY OHIO DOMESTIC RELATIONS LAWS, OHIO DOMESTIC RELATIONS LOCAL RULES, OHIO REVISED CODE, LAW OF PROFESSIONAL CONDUCT IN OHIO, RULES FOR JUDICIAL-CONDUCT AND JUDIICAL-DISABILITY PROCEEDING'S, OHIO CIVIL RULES, OHIO RULES OF EVIDENCE OHIO PRACTICE AND FEDERAL CIVIL RIGHTS ACTS 3D; ON A TRAIL COURT LEVEL 4/4/16-5/3/16-7/21/16. [sic]

{¶ 7} The argument that follows this assignment of error is extremely difficult to understand. We note that the burden of affirmatively demonstrating error on appeal and substantiating arguments is on the appellant. *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7. "An appellant must present his or her contentions with respect to each assignment of error and the reasons supporting those contentions, including citations to legal authorities and parts of the record upon which the appellant relies." *Sparks v.*

*Sparks*, 12th Dist. Warren No CA2010-10-096, 2011-Ohio-5746, ¶ 17. It is not an appellate court's duty to search the record for evidence to support an argument as to an alleged error. *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ 8} We are mindful of the fact that appellant has represented himself both in the trial court and on appeal. However, litigants who proceed pro se are held to the same standard as litigants who are represented by counsel. *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. As a result, a pro se litigant is presumed to have knowledge of the law and correct legal procedures. *Id.*

{¶ 9} Tim does not clearly or precisely state the manner in which the trial court erred and failed to apply the rules and law he references in his assignment of error. Nevertheless, based on our review, it appears there are three areas in which Tim argues error occurred: (1) he did not receive a proposed divorce decree; (2) he did not receive discovery; and (3) the trial court judge was biased and Tim was treated unfairly.

{¶ 10} First, Tim argues that he was not emailed a copy of a proposed divorce decree. At a pretrial hearing, after a great deal of confusing discussion between the parties, Lisa's attorney suggested that in order to narrow and clarify the issues, he could prepare a proposed divorce decree to be used as a guide at the final hearing. In an order following this hearing, the magistrate ordered Lisa's attorney to prepare a proposed decree and to serve it on Tim by regular mail and email. Tim argues he never received an email.

{¶ 11} However, even assuming the document was not emailed, the proposed decree appears in the case file and states that it was served on Tim by ordinary mail at his home address. Moreover, even if he did not receive the document, Tim has not established any prejudice. This document was prepared as an aid to the parties and the court, and was not evidence. While Tim argues he did not know the "itinerary" for the hearing, he had equal knowledge of the parties' assets and liabilities and had full opportunity to ask questions and

present evidence on the items in the proposed decree.

{¶ 12} Tim also argues that he did not receive discovery. This issue was the subject of several motions and hearings. The court addressed Tim's discovery motions at hearings on March 24 and April 4, 2016. Tim was unable to clearly state what discovery he was seeking, but from a review of the record, it appears Tim was attempting to discover evidence of financial misconduct on Lisa's part and he believed there were documents somewhere that would support his theories.

{¶ 13} Several times throughout the case, Lisa's attorney stated that Tim had received everything that was within their ability to provide. At one point, Tim asked the court to appoint an investigator to "unravel Lisa's deceit" but the court explained this was not the court's duty. The court told Tim he could subpoena further information if he needed, and Tim issued several subpoenas. At the final hearing, Tim did not raise this issue or articulate any discovery he was missing.

{¶ 14} On appeal, Tim has not articulated any specific discovery that he requested but did not receive. Our review of the record indicates that Tim received everything ordered by the court and he did not object or argue any specific items that he did not receive.

{¶ 15} Finally, the majority of Tim's arguments on appeal allege that the trial court was biased and that he was treated unfairly in many respects. For example, Tim argues that he does not want a divorce, Lisa tricked him into filing for divorce, and that they are not incompatible as determined by the trial court. However, the record indicates that both Tim and Lisa testified at the final hearing that they are incompatible.

{¶ 16} A majority of Tim's arguments evidence a failure to understand court rules and procedures. However, as mentioned previously, a pro se litigant is held to the same standard as those represented by counsel. *Chambers*, 2016-Ohio-3219 at ¶ 10. We further note that as an appellate court, our review is strictly limited to the record before us and we cannot

consider matters or facts that are outside of the record or were not part of the trial court proceedings. *State v. Jones*, 12th Dist. Butler No. CA2009-05-140, 2011-Ohio-140. Accordingly, this court cannot consider matters alleged on appeal, but not evidenced in the record, nor can this court consider the motions filed by Tim after the final hearing which have not yet been ruled on by the trial court.

{¶ 17} We have carefully reviewed the record in this matter and despite Tim's arguments that he was treated unfairly, this was a relatively simple divorce in a marriage of relatively short length. Both Tim and Lisa had prior marriages, and during their marriage together, the parties basically kept their own accounts and bills. They jointly paid some bills, such as the mortgage on the house, which Tim was granted in the divorce decree. It appears the court conducted a fair hearing in the matter and equitably divided the parties' assets and liabilities, with each party basically keeping his or her separate property and bills. We find no error in the trial court's decision.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.