[Cite as *D00TZ 606, L.L.C. v. Dennis*, 2025-Ohio-4313.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| D00TZ 606, LLC, | : | |
| Appellee, | : | CASE NO. CA2025-04-035 |
| | : | <u>OPINION AND</u> |
| - vs - | | <u>JUDGMENT ENTRY</u> |
| | : | 9/15/2025 |
| TERRELL DENNIS, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2024 05 1029

The Bauer Firm, LLC, and Benjamin A. Bauer, for appellee.

Mary K. C. Soter, for appellant.

# **O P I N I O N**

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Terrell Dennis, appeals from a decision of the Butler County Court of Common Pleas denying his motion to set aside default judgment entered in favor of appellee, D00TZ 606, LLC. For the reasons set forth below, we affirm the trial court's

decision.[1]

{¶ 2}   On May 28, 2024, appellee filed a complaint for slander of title and quiet title relating to a mortgage placed on its property at 7950 Ruth Court, West Chester, Ohio 45069 ("the property") by Dennis. The complaint alleged that the mortgage was fraudulent and had been executed by "Daniel Oliver" on July 26, 2023 in favor of Dennis. Oliver purported to be the "sole member" of D00TZ 606, LLC, but "Daniel Oliver is not now and has never been a member, manager, or other authorized agent for [appellee] and [appellee] did not authorize or even have any knowledge of the placing of the Mortgage on the Property."[2] The complaint further alleged that Dennis' failure to release the mortgage after notice and demand from appellee caused damages to appellee. In addition to seeking to quiet title to the property, the complaint also sought more than $25,000 in damages for slander of title.

{¶ 3}   Service of the complaint was attempted on Dennis by certified mail at 2425 Baker Road, Springfield, Ohio 45504. However, the certified mail was returned unclaimed on June 28, 2024. Thereafter, the complaint was served on Dennis at the same address by means of ordinary mail. The clerk of courts journalized the certificate of ordinary mail service on July 8, 2024, thus requiring that Dennis file an answer on or before August 5, 2024 to fall within the 28 days prescribed by Civ.R. 4.6(D) and Civ.R. 12(A)(1).

{¶ 4}   On August 20, 2024, appellee, pursuant to Civ.R. 41(A), voluntarily dismissed its slander of title claim. That same day appellee filed a motion for default judgment against Dennis on its remaining claim to quiet title to the property.

{¶ 5}   On September 16, 2024, Dennis, acting pro se, filed various exhibits and

---

1. Pursuant to Loc.R. 6(A) we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

2. From the limited record before us, it is unclear whether Daniel Oliver is a real or fictitious person.

an "Answer, Counter Claim, and Third-Party Complaint" without leave of court. The third-party complaint and counterclaim asserted breach of contract claims against Oliver and appellee, respectively. A few days later, on September 19, 2024, Dennis filed a "Motion to Supplement Pleadings to Include Action for Discovery," asking the court for an order granting discovery pursuant to R.C. 2317.48.[3] Notably, Dennis listed the same Baker Road address on his filings as appellee had used to serve him with the complaint. Appellee moved to strike Dennis' answer, counterclaim, and third-party complaint on September 30, 2024.

{¶ 6} On November 21, 2024, the trial court issued an order granting appellee's motion to strike, finding Dennis' answer, counterclaim, and third-party complaint were untimely filed without leave of court and without a demonstration of excusable neglect. In a separate order issued that same day, the trial court also granted default judgment to appellee, finding that Dennis failed to file an answer or otherwise respond as required by Civ.R. 12. The court, therefore, quieted title in appellee's favor and extinguished any interest Dennis had in the property under the mortgage.

{¶ 7} Dennis did not appeal the trial court's order striking his answer, counterclaim, and third-party complaint or appeal the trial court's order rendering default judgment against him. Instead, on December 17, 2024, Dennis filed a motion for relief from default judgment, supporting the motion with his own affidavit. Dennis claimed that he appeared in court on November 21, 2024 for proceedings before a magistrate and that

---

3. Pursuant to R.C. 2317.48,

> When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. . . .

the magistrate stated, "we [will] meet back in 30," which he construed as 30 days. Dennis averred that the reference was actually 30 minutes, and he only learned on December 13, 2024 that default judgment had been rendered against him.

{¶ 8} Appellee filed a memorandum opposing Dennis' motion for relief from default judgment on the grounds that Dennis failed to show excusable neglect for not timely filing an answer to the complaint and had failed to provide any adequate grounds for setting aside default judgment. Dennis filed a reply in support of his motion for relief from default judgment on January 13, 2025, attaching another affidavit in support. In his new affidavit, Dennis claimed, for the first time, that he had not been served with the complaint.

{¶ 9} On March 13, 2025, the trial court issued a decision denying Dennis' motion to set aside default judgment. The court found Dennis "has not shown excusable neglect for failing to timely answer or otherwise respond to Plaintiff's Complaint, and therefore has not met his burden to demonstrate why the Court's November 21, 2021 Order Granting Plaintiff's Motion for Default Judgment and Quieting Title should be set aside."

{¶ 10} Dennis appealed from the trial court's denial of his motion to set aside default judgment, raising three assignments of error for review. For ease of discussion, Dennis' second and third assignments of error will be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} APPELLANT WAS NEVER SERVED. THE LOWER COURT SHOULD NOT HAVE PERMITTED THE CASE TO GO FORWARD WHEN APPELLANT HAD NOT BEEN SERVED.

{¶ 13} In his first assignment of error, Dennis argues the trial court erred in permitting the case to go forward when he had not been "properly served." Citing to Civ.R. 4.6(C), Dennis contends that because he did not refuse certified mail service, "service on

him by ordinary mail was insufficient."

{¶ 14} Contrary to Dennis' arguments, Civ.R. 4.6(C) does not apply. Civ.R. 4.6(C) applies when certified mail service has been refused. That did not occur in the present case. Rather, the record reveals that certified mail service was returned "unclaimed." On June 28, 2024, the clerk of court noted on the docket "Return on Failure of Certified Mail . . . Failure of Certified Mail Unclaimed." The returned envelope likewise indicated the certified mail had been "unclaimed."

{¶ 15} As certified mail service was returned "unclaimed," Civ.R. 4.6(D) applied. This provision allowed service by ordinary mail as follows:

> **(D) United States certified or express mail, or commercial carrier service unclaimed.** If attempted service using United States certified or express mail or commercial carrier within or outside the state is returned with an endorsement stating that the envelope was unclaimed or a similar endorsement indicating the item was unclaimed, the clerk shall forthwith notify the attorney of record . . . and enter the fact and method of notification on the appearance docket. . . . [T]he clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. *Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing.* The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. *Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.* If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

(Emphasis added.) Civ.R. 4.6(D).

{¶ 16} A certificate of mailing of the complaint by ordinary mail service was filed by the clerk on July 8, 2024. There is no indication that the ordinary mail envelope was returned by the postal authorities with an endorsement showing failure of delivery. Thus,

- 5 -

ordinary mail service was authorized and completed under Civ.R. 4.6(D).

{¶ 17} "'There is a presumption of proper service when the record reflects that the rules pertaining to service have been followed.'" *Bank of New York Mellon v. Maxfield*, 2016-Ohio-2990, ¶ 10 (12th Dist.), quoting *State v. Marcum*, 1998 Ohio App. LEXIS 3430, *8 (12th Dist. July 27, 1998). "'In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service.'" *Id.* at ¶ 11, quoting *Bowling v. Grange Mut. Cas. Co.*, 2005-Ohio-5924, ¶ 33 (10th Dist.). "A trial court is not required to give preclusive effect to a movant's sworn statement that [he] did not receive service of process when the record contains no indication that service was ineffectual." *Bowling* at ¶ 33. "The mere filing of a self-serving affidavit, without affording [the other party] an opportunity to cross-examine the affiant, does not rebut the presumption." *Maxfield* at ¶ 11, citing *Graham Dealerships, CI v. Chavero*, 2008-Ohio-2966, ¶ 12 (5th Dist.).

{¶ 18} This is especially true in the present case, where Dennis did not claim that he had not been properly served until he filed his reply memorandum in support of his motion for relief from default judgment. In the affidavit attached to his reply, Dennis stated, for the first time, "I was never served in this action." However, Dennis' statement is not credible. The address where he was served by ordinary mail—2425 Baker Road, Springfield, Ohio 45504—is the same address Dennis personally listed as his mailing address on all his trial court filings. Ordinary mail service of the complaint was not returned by the postal authorities with an endorsement showing failure of delivery. Accordingly, we find there is no indication in the record that ordinary mail service was ineffectual.

{¶ 19} Furthermore, to the extent that Dennis' argument can be construed as a challenge to the trial court's personal jurisdiction over him, we find that he waived this

issue. "A court may acquire personal jurisdiction over the defendant 'either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.'" *Beacher v. Beachler*, 2007-Ohio-1220, ¶ 12 (12th Dist.), quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "In most civil actions, the defense of lack of jurisdiction over the person usually must be raised either in the defendant's answer or in a motion filed prior to the filing of an answer." *Id.* at ¶ 17. Where a defendant makes an appearance in the action, either in person or through his or her attorney, without raising the defense of lack of personal jurisdiction, the defendant is considered to have waived the defense. *Id.*; *Stiles v. Hayes*, 2015-Ohio-4141, ¶ 16 (12th Dist.).

{¶ 20} In the present case, Dennis appeared in the action without raising the defense of lack of personal jurisdiction. On September 16, 2024, Dennis appeared by filing a variety of exhibits as well as his "Answer, Counter Claim and Third-Party Complaint." He subsequently filed a "Motion to Supplement Pleadings to Include Action for Discovery." Although Dennis' untimely pleadings were later struck by the trial court, it does not change the fact that Dennis did not raise lack of personal jurisdiction as a defense against the action when he appeared in the action. *See Hiener v. Moretti*, 2009-Ohio-5060, ¶ 12 (11th Dist.) (recognizing that "one does not have to properly plead to 'appear'"). Dennis therefore waived the defense.

{¶ 21} Accordingly, we find Dennis' arguments to be without merit, and his first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE COURT ERRED IN NOT ADDING DANIEL OLIVER AS A PARTY IN THIS CASE.

{¶ 24} Assignment of Error No. 3:

{¶ 25} THE COURT ERRED IN STRIKING TERRELL DENNIS' ANSWER, COUNTERCLAIM, AND THIRD PARTY COMPLAINT.

{¶ 26} In his second and third assignments of error, Dennis seeks to challenge the trial court's decision to strike his answer, counterclaim, and third-party complaint as well as its decision not to add Oliver as a party to the action. Dennis' second and third assignments of error, therefore, seek to challenge the trial court's November 21, 2024 "Order Granting Plaintiff's Motion to Strike Defendant's September 16, 2024 Answer, Counter Claim and Third-Party Complaint." However, because Dennis did not timely appeal from this order, we find that we are without jurisdiction to consider these assignments of error.

{¶ 27} App.R. 4(A) provides the following regarding the time period in which an appeal should be filed:

> **(1) Appeal from order that is final upon its entry.** Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.
>
> **(2) Appeal from order that is not final upon its entry.** Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final—such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action—shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final.

"If a party fails to file a notice of appeal within the time prescribed by law, the reviewing court is without jurisdiction to consider the matter being appealed." *See In re Estate of Brunswick*, 2011-Ohio-993, ¶ 42 (12th Dist.), citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶ 28} Generally, a trial court's order striking a defendant's pleadings is not a final appealable order. *See Summit Mgt. Servs., Inc. v. Andrews*, 2011-Ohio-2013, ¶ 7 (9th Dist.); *Chase Manhattan Mtge. v. Frazier*, 2004-Ohio-5523, ¶ 12 (5th Dist.). This is because "[t]he sustaining of the motion to strike . . . leaves the cause still pending in the trial court." *Grahl v. Matthews*, 172 Ohio St. 135, 136 (1961). However, once the trial court issued a final appealable order granting default judgment to appellees on November 21, 2024 and quieting title to the property, thereby resolving all the issues in the case, the interlocutory order striking Dennis' answer, counterclaim, and third-party complaint became appealable. Dennis therefore had to file a notice of appeal within 30 days of the November 21, 2024 order granting default judgment. *See* App.R. 4(A)(2). He failed to do so. Instead, he waited more than four-and-one-half months, until April 9, 2025, to file a notice of appeal and the final judgment appealed from was the denial of his motion to set aside default judgment. "It is well-settled that a Civ.R. 60(B) motion cannot be used to circumvent or extend the time requirements for filing a notice of appeal." *Zaring v. Lyons*, 1996 Ohio App. LEXIS 425, *2 (12th Dist. Feb. 12, 1996), citing *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128 (1986). It likewise cannot be used as a substitute for direct appeal. *Id.*

{¶ 29} Because Dennis failed to timely appeal the trial court's order striking his answer, counterclaim and third-party complaint, we are without jurisdiction to review that order. As such, this court is without jurisdiction to consider Dennis' second and third assignments of error and they are hereby overruled. *Zaring* at *2-3; *In re M.D.D.*, 2010-Ohio-326, ¶ 16 (12th Dist.).

{¶ 30} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

## <u>J U D G M E N T   E N T R Y</u>

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Mike Powell, Judge