[Cite as *Fontain v. H&R Cincy Properties, L.L.C.*, 2022-Ohio-1000.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

MARCUS FONTAIN, : 

    Appellant, :         CASE NO. CA2021-02-015

    - vs - :         <u>O P I N I O N</u>
        3/28/2022

     : 

H&R CINCY PROPERTIES, LLC, et al., : 

    Appellees. : 

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CV093638

Marcus Fontain, pro se.

Strauss Troy Co., LPA, and Brian J. O'Connell, for appellees Harjinder Sandhu, Jasreen Sandhu, H&R Cincy Properties LLC, and Brian J. O'Connell.

Robbins Kelly Patterson & Tucker, and Zachary D. Prendergast, for appellees Jeffrey S. Lane aka Jeff Lane, April Lane, Prodigy Properties, LLC, and Zachary D. Prendergast.

Gregory J. Berberich, pro se.

**BYRNE, J.**

{¶1} This case is one of at least ten litigation matters arising out of a dispute between plaintiff-appellant, Marcus Fontain, and the defendant-appellees over the management and receivership of a condominium complex in Hamilton County, Ohio. These matters were filed in multiple jurisdictions and courts. Eventually the court-appointed

receiver of the condominium complex obtained a judgment against Fontain from the Hamilton County Court of Common Pleas. In an effort to collect on this judgment, the receiver obtained certificates of judgment from the Hamilton County Clerk of Courts and filed those certificates in Warren County, placing liens on Fontain's property in Warren County. In response, Fontain sued the receiver and the other defendants-appellees in the Warren County Court of Common Pleas. That court, in two orders, dismissed Fontain's claims. Fontain appealed. For the reasons described below, we affirm.

## I. Procedural and Factual Summary

## A. The Hamilton County Proceedings

{¶2} H&R Cincy Properties LLC ("H&R Cincy") and Harjinder Sandhu ("Harjinder") were the owners of 8 of 30 condominium units in Dina Tower, a condominium complex in Cheviot, a city in Hamilton County, Ohio. In 2017, Fontain obtained control of 18 other condominium units in Dina Tower. In October 2017, H&R Cincy and Harjinder filed suit in Hamilton County against Fontain, his wife, and several business entities controlled by Fontain (hereafter, we will refer to this lawsuit as "Hamilton 1").[1] In essence, the Hamilton 1 suit alleged that Fontain had acted improperly as to the operation of Dina Tower.

{¶3} Attorney Gregory Berberich filed the complaint in Hamilton 1 on behalf of H&R Cincy and Harjinder. About five months later, Attorney Berberich withdrew from this representation. Attorney Brian O'Connell substituted in and began representing H&R Cincy and Harjinder in Hamilton 1.

{¶4} In August 2018, the Hamilton County Court of Common Pleas appointed "Prodigy Properties, by and through its Manager, Jeff Lane," to act as a receiver for Dina

---

1. We will summarize related litigation matters as needed to provide context for the issues here, based on the information available in this record.

Tower while the Hamilton 1 litigation was ongoing. Attorney Zachary Prendergast represented the receiver.

{¶5} Shortly after the appointment of the receiver, the parties in Hamilton 1 entered into a settlement agreement. As a result, in September 2018, Fontain, his wife, and a business entity were dismissed from Hamilton 1. Claims against one of Fontain's business entities remained pending.

{¶6} In March 2019, Fontain, acting pro se, filed a second lawsuit in Hamilton County ("Hamilton 2"). Fontain asserted claims against (1) H&R Cincy, Harjinder, Jasreen Sandhu (Harjinder's wife and alleged to be a corporate director of H&R Cincy), and Attorney O'Connell (collectively, "the H&R Cincy Defendants"), (2) Prodigy Properties, Jeff Lane (Manager of Prodigy Properties), April Lane (a Prodigy Properties broker), and Attorney Prendergast (collectively, the "Prodigy Defendants"), and (3) Does one through eleven.

{¶7} Fontain asserted 20 claims against the defendants in Hamilton 2, including, but not limited to, fraud, breach of contract, negligence, civil conspiracy, and declaratory judgment. Fontain's allegations of wrongdoing in the Hamilton 2 complaint generally related to the Hamilton 1 dispute about Dina Tower and the receivership.

{¶8} The receivership imposed in Hamilton 1 continued until the Hamilton County court terminated it on September 12, 2019. In its final judgment entry in Hamilton 1, the Hamilton County court ordered that the Hamilton 1 defendants, including Fontain, pay the costs of the receivership, including the receiver's attorney's fees.[2] The costs imposed included fees from the time the court appointed the receiver until the receiver filed a fee application in August 2019. Fontain, represented by counsel, appealed the final judgment

---

2. The costs totaled $48,740.19 in fees and costs incurred by Prodigy Properties and $30,438.45 in fees and costs charged by Prodigy Properties' attorneys.

entry in Hamilton 1.

{¶9} Following the issuance of the Hamilton 1 final judgment entry imposing costs, on September 25, 2019, Attorney Prendergast filed two Hamilton County certificates of judgment in Warren County. This resulted in liens being imposed on Fontain's property in Warren County in the amount of the receivership fees that had been awarded in Hamilton 1. For unknown reasons, the name of Attorney Berberich (who had been H&R Cincy and Harjinder's initial attorney in Hamilton 1) appears in the top left-hand corner of the certificates of judgment.

{¶10} In December 2019, the Hamilton County court in Hamilton 2 granted motions to dismiss filed by the defendants. The Hamilton County court found that Fontain's complaint was an improper collateral attack on the judgment entered against Fontain in Hamilton 1. The court further found, with regard to the Prodigy Defendants, that Fontain had failed to seek leave from the court in Hamilton 1 before suing the receiver.[3] Fontain filed a pro se appeal of the Hamilton 2 decision.

## B. The Warren County Proceeding

{¶11} In October 2020, Fontain filed a pro se complaint in the Warren County Court of Common Pleas. He named the same defendants as in Hamilton 2, but this time added Attorney Berberich. Fontain asserted 15 claims against the various defendants, including, but not limited to, fraud, slander of title, and for declaratory judgment and relief. The claims raised in the complaint related to the Dina Tower dispute at issue in Hamilton 1, the legal proceedings and receivership in Hamilton 1, and the certificates of judgment filed in Warren County. In sum, Fontain claimed the defendants and the Hamilton County judges involved

---

3. The court cited relevant case law for the proposition that a receiver cannot be sued, in the absence of statutory authority, without leave of the court that appointed the receiver. *Roberts v. Sorg*, 2d Dist. Montgomery No. 27134, 2017-Ohio-570, ¶ 20-22.

in Hamilton 1 all colluded and conspired against him, which conspiracy eventually resulted in "fraudulent" liens being placed against his property in Warren County.

{¶12} The H&R Cincy Defendants moved to dismiss Fontain's claims against them under Civ.R. 12(B)(6), or in the alternative, for summary judgment under Civ.R. 56(B). Attorney Berberich then moved to dismiss Fontain's claims against him under Civ.R. 12(B)(6) (though he attached several exhibits to the motion). The Prodigy Defendants did likewise. Fontain filed a single memorandum in opposition to all these motions. That memorandum in opposition, to which Fontain attached several exhibits, was titled "Plaintiff's (Omnibus) Answer and Opposition to the Defendant's [sic] Motions to Dismiss and/or for Summary Judgment" ("Omnibus Memorandum in Opposition").

{¶13} On January 19, 2021, the Warren County trial court issued a decision and entry ("January 19, 2021, Decision") addressing the defendants' motions as well as several unrelated requests or motions filed by Fontain. The court dismissed all causes of action against Attorney Berberich and the Prodigy Defendants but denied the motion to dismiss the claims against the H&R Cincy Defendants.

{¶14} In denying the H&R Cincy Defendants' motion to dismiss, the Warren County court noted that Fontain's various filings were both "voluminous" and "nonsensical." Even so, the court determined that it could not yet grant the H&R Cincy Defendants' motion to dismiss. Instead, the court ordered Fontain to provide a more definite statement of the specific causes of action he was alleging against the H&R Cincy Defendants by no later than February 5, 2021. The court warned Fontain that failure to do so would result in dismissal of all remaining causes of action against the H&R Cincy Defendants.

{¶15} On February 2, 2021, Fontain filed a document styled, "Response to the Court's Decision and Entry of January 19 2021 Addressing October and November 2020 Filings; Motion to Reinstate Dismissed Defendants; Motions to Reinstate Stricken

Pleadings; Motion for a Criminal Fraud Investigation Referral; Renewed Motion for Declaratory Relief and Oral Hearing" ("Fontain's Response"). In the filing, Fontain argued that the Warren County trial court erred when it dismissed the claims against Attorney Berberich and the Prodigy Defendants. Fontain further argued that other aspects of the court's decision, not germane to this appeal, were also in error. Fontain failed to provide a more definite statement of his claims against the H&R Cincy Defendants, despite the trial court's order that he do so.

{¶16} On February 8, 2021, the Warren County trial court issued an order and entry related to Fontain's Response. The court found that to the extent that Fontain's Response was effectively a motion to reconsider the court's prior rulings, the motion was denied. The court further found that to the extent that Fontain's Response was intended to be a more definite statement of the remaining claims against the H&R Cincy Defendants, Fontain had failed to set forth his specific causes of action against those defendants as it had ordered him to do. The court therefore dismissed Fontain's Warren County complaint "and all causes of action therein raised against all remaining parties * * *." Fontain timely filed this appeal, challenging the trial court's dismissal of all his claims in the Warren County case.

### C. The Hamilton County Appeals

{¶17} Before addressing Fontain's arguments in this appeal, we pause to note developments in Fontain's two Hamilton County appeals.

{¶18} First, in the same month that Fontain filed this appeal, the First District Court of Appeals issued its decision on Fontain's appeal of Hamilton 1. *H&R Properties, L.L.C. v. Fontain*, 1st Dist. Hamilton Nos. C-190574, C-190575, C-190583 and C-190584, 2021-Ohio-516. In that appeal, in which Fontain and other defendants were represented by counsel, the appeals court held that to the extent that the trial court's receivership fee calculation included certain fees incurred after a particular date, those fees were included

in the total receivership fee amount in error. *Id.* at ¶ 24-26. The First District reversed and remanded the case to the trial court to reassess the proper receivership fee amount. *Id.* at ¶ 26.

**{¶19}** In August 2021, the First District Court of Appeals decided Fontain's appeal of Hamilton 2. *Fontain v. Sandhu*, 1st Dist. Hamilton No. C-200011, 2021-Ohio-2750. The appeals court affirmed the trial court's dismissal of Fontain's Hamilton 2 complaint. *Id.* at ¶ 38.

## II. Law and Analysis

**{¶20}** Fontain brings thirteen assignments of error. We will address Assignment of Error No. 1 on its own and the remaining twelve assignments of error collectively.

**{¶21}** ASSIGNMENT OF ERROR NO. 1:

**{¶22}** THIS CAUSE MUST BE VACATED, S[E]T ASIDE AND REMANDED BECAUSE THE FIRST APPELLATE DISTRICT IN *H&R CINCY V. FONTAINE.*, APPEAL NO. C-190574; ON FEBRUARY 26, 2021, VACATED JUDGE TERRY NESTOR'S ILLEGAL JUDGMENT ORDER ENTERED IN THE SHAM "RECEIVERSHIP ACTION, CONDUCTED BY THE DEFENDANTS IN THE HAMILTON COUNTY ACTION *H&R CINCY V. FONTAINE,* CASE NO. A-1705644 FROM WHERE THE FRAUDULENT CERTIFICATES OSTENSIBLY ORIGINATED FROM. SEE DOCKET 69, FILED UNDER EVIDENCE RULE 201 – [Sic throughout all assignments of error; some formatting and punctuation modified for readability.]

**{¶23}** Assignment of Error No. 1 is confusing as worded. If we take the assignment's text at face value, Fontain appears to argue that we should "vacate[], s[e]t aside, and remand[]" the trial court's two orders dismissing his claims because the "fraudulent [c]ertificates" filed in Warren County "ostensibly originated from" Hamilton 1, and in its February 26, 2021, decision the First District "vacated" the "judgment order" in Hamilton 1.

{¶24} But Fontain's characterization of the First District's February 26, 2021, decision is incorrect. The First District decision did not "vacate" anything. Instead, the First District *reversed and remanded* for the limited purpose of requiring the Hamilton County trial court to re-assess the amount of the receivership fees it had ordered Fontain to pay consistent with the appeals court's holding that the trial court should not have imposed fees incurred after a certain date. *H&R Properties, L.L.C.*, 2021-Ohio-516 at ¶ 26. The text of Assignment of Error No. 1 therefore seeks relief based on a mischaracterization of the First District's decision.

{¶25} Fontain fails to correct this mischaracterization in the section of his brief ostensibly setting forth his argument in support of Assignment of Error No. 1. In fact, Fontain provides no support for Assignment of Error No. 1, and instead offers arguments related to his other assignments of error. We are therefore presented with an assignment of error that seeks relief based on a mischaracterization of the First District's decision in the appeal of Hamilton 1, and no argument in support.

{¶26} It is well established that pro se litigants are expected, as attorneys are, to abide by the relevant rules of procedure and substantive laws, regardless of their familiarity with the law. *Ditech Fin., L.L.C. v. Ebbing*, 12th Dist. Butler No. CA2018-09-182, 2019-Ohio-2077, ¶ 18, citing *Bamba v. Derkson*, 12th Dist. Warren No. CA2006-10-125, 2007-Ohio-5192, ¶ 14. The burden of demonstrating error on appeal falls on Fontain as the appellant. *Id*. We are not required to develop Fontain's argument for him, conjure up questions that were never squarely asked, or construct full-blown claims from convoluted reasoning. *Id*. Fontain failed to meet his burden as to Assignment of Error No.1.

{¶27} To the extent that Fontain raises arguments unrelated to Assignment of Error No. 1 in the section of his brief ostensibly addressing Assignment of Error No. 1, those arguments are incorrect for the reasons addressed below as to Fontain's remaining twelve

assignments of error. We therefore overrule Fontain's first assignment of error.

{¶28} Assignment of Error No. 2:

{¶29} THE TRIAL COURT GRANTED DISMISSAL BASED ON IMPROPER MOTIVES ATTEMPTING TO INTIMIDATE AND COERCE THE PLAINTIFF INTO FABRICATING CHARGES AGAINST THE "H&R CINCY DEFENDANTS" IGNORING THE REAL PERPETRATOR OF THE FRAUD – DEFENDANT PRENDERGAST."

{¶30} Assignment of Error No. 3:

{¶31} DEFENDANT O'CONNELL'S MOTION UNDER CIV. RULE 12(B)(6) OR FOR SUMMARY JUDGMENT COULD NOT BE GRANTED BECAUSE THE MOTION DID NOT MEET THE STANDARDS OF CIV. RULE 12(B)(6) OR 56(C).

{¶32} Assignment of Error No. 4:

{¶33} DEFENDANT BERBERICH'S MOTION UNDER CIV. R. 12(B)(6) OR FOR SUMMARY JUDGMENT COULD NOT BE GRANTED BECAUSE THE MOTION DID NOT MEET THE STANDARDS OF CIV. RULE 12(B)(6) OR 56(C).

{¶34} Assignment of Error No. 5:

{¶35} DEFENDANT PRENDERGAST'S MOTION FOR SUMMARY JUDGMENT ALLEGING IMMUNITY UNDER THE RECEIVERSHIP STATUTE WAS IMPERMISSIBLE BECAUSE NEITHER DEFENDANT PRENDERGAST NOR HIS CLIENTS WERE APPOINTED RECEIVERS OR AGENTS OF ANY RECEIVER AND THE EVIDENCE SHOWS PRENDERGAST FABRICATED FRAUDULENT CERTIFICATES.

{¶36} Assignment of Error No. 6:

{¶37} THE TRIAL COURT COULD NOT GRANT SUMMARY JUDGMENT BECAUSE THE DEFENDANTS DID NOT PRODUCE ANY EVIDENCE IN SUPPORT OF THEIR MOTIONS AND FAILED TO POINT TO ANY PORTION OF THE RECORD WHICH COMPORTS WITH THE EVIDENTIARY MATERIALS AS REQUIRED UNDER CIVIL RULE

56(C).

{¶38} Assignment of Error No. 7:

{¶39} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN THE ONLY BASIS FOR THE DISMISSAL WAS THAT THE PLAINTIFF FAILED TO DROP HIS CLAIMS AGAINST DEFENDANT PRENDERGAST, AFTER THE COURT DIRECTED THE APPELLANT TO FABRICATE CHARGES AGAINST THE "H&R CINCY DEFENDANTS" IN VIOLATION OF THE PLAINTIFF'S SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION AND BY CIRCUMVENTING THE NOTICE REQUIREMENTS OF CIVIL 41(B).

{¶40} Assignment of Error No. 8:

{¶41} THE TRIAL COURT FAILED TO STATE THE CIVIL RULE OR LAW UNDER WHICH THE SUMMARY JUDGMENTS OR DISMISSAL WERE PREMISED.

{¶42} Assignment of Error No. 9:

{¶43} SUMMARY JUDGMENTS ARE HIGHLY DISFAVORED WHEN JURY CONSIDERATION IS REQUIRED.

{¶44} Assignment of Error No. 10:

{¶45} THE TRIAL COURT SUA SPONTE IMPERMISSIBLY RAISED AN AFFIRMATIVE DEFENSE ON BEHALF OF THE DEFENDANTS BY RULING THAT THE PLAINTIFF HAD NOT PROVEN THE TWO BOGUS CERTIFICATES OF JUDGMENT LIEN ARE A – FORGER[Y] OR FRAUDULENT – WITHOUT HAVING CONDUCTED ANY FACT FINDING NOR ANY EVIDENTIARY HEARING.

{¶46} Assignment of Error No. 11:

{¶47} THE DEFENDANT'S FAILED TO CHALLENGE THE PLAINTIFF'S OMNIBUS ANSWER AND OPPOSITION TO THEIR MOTIONS FOR SUMMARY JUDGMENT AND INSTEAD FABRICATED THE DISMISSAL ORDERS TO SUPPRESS

THE EVIDENCE OF THE TWO FRAUDULENT CERTIFICATES.

{¶48} Assignment of Error No. 12:

{¶49} THE DEFENDANTS CONCEDED THAT THE CERTIFICATES OF JUDGMENT LIENS ARE FRAUDULENT IN THEIR FAILURE TO REFUTE THE EVIDENCE, WHICH REMAINS UNCONTROVERTED AND UNCHALLENGED.

{¶50} Assignment of Error No. 13:

{¶51} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY TAKING NOTICE OF THE PRIOR PROCEEDINGS AND IMPERMISSIBLY RELIED ON MATTERS OUTSIDE THE RECORD, EVEN IF THOSE PROCEEDINGS WERE IN THE SAME COURT AND BETWEEN THE SAME PARTIES.

{¶52} Fontain's assignments of error and arguments are repetitive and often difficult to decipher. For the sake of clarity, we will address the issues before us separately as to the dismissals of each group of Defendants.

{¶53} That said, we first pause to once again address the expectations applicable to pro se litigants. Litigants who proceed pro se are held to the same standard as those who are represented by counsel. *Stiles v. Hayes*, 12th Dist. Madison No. CA2015-01-007, 2015-Ohio-4141, ¶ 18. As a result, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. *Id.* "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

**A. Standard of Review**

{¶54} As explained below, the trial court dismissed some of Fontain's claims under Civ.R. 12(B)(6) and other claims under Civ.R. 56. We will therefore address the standards

for granting both types of motions and the standards of review applicable to decisions granting motions to dismiss under those rules.

{¶55} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "In order to prevail on a Civ.R. 12(B)(6) motion, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief.'" *Id.*, quoting *DeMell v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 88505, 2007-Ohio-2924, ¶ 7. In ruling on a complaint under Civ.R. 12(B)(6), the trial court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). But unsupported legal conclusions are not accepted as true for purposes of a motion to dismiss. *Schulman v. Cleveland*, 30 Ohio St.2d 196, 198 (1972).

{¶56} "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.). This court must independently review the complaint to determine the appropriateness of the trial court's dismissal. *Id.*

{¶57} Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 18. "The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists." *Fifth Third Bank v. Bolera*, 12th Dist. Butler No. CA2017-03-039, 2017-Ohio-9091, ¶ 25. Once this initial burden is met, the nonmoving party "must then rebut the moving party's evidence

with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7, citing Civ.R. 56(E).

**{¶58}** Appellate review of a trial court's decision granting summary judgment is de novo. *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 7.

### B. Analysis

### 1. Dismissal of Claims Against Attorney Berberich

**{¶59}** In its January 19, 2021, Decision, the Warren County trial court noted that, in March 2018, Attorney Berberich withdrew from his representation of the plaintiffs in Hamilton 1. The court dismissed Fontain's claims against Attorney Berberich because "[Attorney] Berberich was not a participant in any way in [Hamilton 1] when the conduct of which [Fontain] complains took place after September 2018." The trial court also noted that Attorney Berberich's name appearing on the certificates of judgment filed in Warren County was his only involvement in the putative unlawful acts about which Fontain complained. The court found that Attorney Berberich's name appearing on the certificates was a clerical error.

**{¶60}** The trial court granted Attorney Berberich's "motion to dismiss" without explicitly stating whether it constrained its review of Attorney Berberich's motion to dismiss to the allegations in Fontain's complaint or whether it also considered the exhibits attached to Attorney Berberich's motion to dismiss. Fontain's complaint does not state that Attorney Berberich withdrew from representing the H&R Cincy Defendants early in Hamilton 1. Instead, the trial court appears to have found this information in certain exhibits attached to Attorney Berberich's motion to dismiss. Four of those exhibits appear to be documents that were filed in Hamilton 1: (1) Exhibit A, Attorney Berberich's motion to withdraw as counsel, (2) Exhibit B, a notice of substitution of counsel replacing Attorney Berberich with Attorney

O'Connell and attorney Christopher S. Houston, (3) Exhibit D, an order appointing Prodigy as the receiver, and (4) Exhibit E, Attorney Prendergast's notice of appearance as counsel for the receiver.[4]  A fifth exhibit, Exhibit C, appears to be an email exchange between Attorney Berberich and Fontain in which Fontain acknowledged that Attorney Berberich was no longer counsel for the H&R Cincy Defendants.  Again, these documents were not referenced in the complaint or attached to it.  Because the trial court's January 19, 2021, Decision discussed information found in exhibits to the motion to dismiss but not in the complaint, the trial court must have looked outside the Complaint and considered the exhibits to Attorney Berberich's motion to dismiss.

{¶61}  In reviewing a motion to dismiss filed under Civ.R. 12(B), a "court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim."  *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St. 3d 545, 548 (1992).  Civ.R. 12(B) states that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."  Civ.R. 12(B).  *Accord Conaway v. Mt. Orab*, 12th Dist. Brown No. CA2021-04-005, 2021-Ohio-4041, ¶ 12, quoting *Hanson* at 548 ("Evidence or allegations outside of the complaint may not be relied upon by the movant, 'otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment'").  In such situations "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule

4. The other documents attached to Attorney Berberich's motion to dismiss were Exhibit F, which appears to be a screen shot of the Hamilton County Clerk of Courts' online docket "Case Summary" for Case No. CJ19014562, and Exhibit G, which appears to be a screen shot of a Hamilton County Clerk of Courts' website page titled "Certified Judgments (Liens) Results" for Case No. CJ19014562.

56." *Id.* The Ohio Supreme Court has held that when a trial court converts a motion to dismiss into a motion for summary judgment it must provide notice to all parties at least 14 days before the hearing on the motion for summary judgment. *Petrey v. Simon*, 4 Ohio St.3d 154, (1983), syllabus; *see also Mansour v. Croushore*, 194 Ohio App. 3d 819, 2011-Ohio-3342, ¶ 18 (12th Dist.).

{¶62} Here, because the Warren County trial court considered evidence outside the complaint—that is, the Hamilton 1 court filings attached to Attorney Berberich's motion to dismiss—the trial court effectively converted Attorney Berberich's motion to dismiss into a motion for summary judgment.[5] But it did not provide Fontain with notice that it would do so.

{¶63} A trial court's failure to provide such notice is harmless error where "both parties had the opportunity to present evidence in support of their respective positions." *Geier v. Ace Lakefront Properties, Inc.*, 11th Dist. Lake No. 2007-L-068, 2007-Ohio-7121, ¶ 17. *Accord Dietelbach v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2004-T-0063, 2005-

---

5. "We are mindful that a trial court may take judicial notice of 'appropriate matters' in considering a [Civ.R. 12(B)(6)] motion to dismiss for failure to state a claim." *Mansour* at ¶ 18, *citing State ex rel. Neff v. Corrigan*, 75 Ohio St. 3d 12, 16 (1996). But this court has held that "a trial court cannot take judicial notice of court proceedings in another case and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may take judicial notice of only the court proceedings in the immediate case." *Id.*, *citing Charles v. Conrad*, 10th Dist. Franklin No. 05AP-410, 2005-Ohio-6106, ¶ 26. *Accord Conaway*, 2021-Ohio-4041 at ¶ 16. We have explained that "[t]he rationale for this holding is that if a court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly [interpreted] the prior case because the record of the prior case is not before the appellate court." *Conaway* at ¶ 16. Some of our sister districts reject this rule, as do many federal district courts. *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, ¶ 4 n.1 (citing cases and stating, "Because it is a common practice for appellate courts to take judicial notice of publically [sic] accessible online court dockets, [the defendant's] request for this court to take judicial notice of the court dockets in question is well taken* * *"). *Accord C.B. v. Sonora School Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009), citing Fed.R. Evid. 201(B) ("The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet"); *Landt v. Farley*, N.D. Ohio No. 4:12-cv-0740, 2012 WL 4473209, *1 n.2 (Sept. 26, 2012), quoting *Sonora School Dist.*; *Queen v. Hunter's Mfg. Co., Inc.*, N.D. Ohio No. 5:16-cv-2262, 2017 WL 1365724, *3 n.4 (Apr. 14, 2017) ("This Court has access to the PACER docket of the Texas court and can take judicial notice of these public records[,]" referring to orders in another case); *Young v. Mohr*, S.D. Ohio No. 2:12-cv-349, 2013 WL 693050, *4 n.3 (Feb. 26, 2013) (describing the court's ability to take judicial notice of publicly available documents and citing *Landt* as to PACER documents). Neither party here has asked us to revisit our rule, so we decline to do so for now.

Ohio-4902, ¶ 9-13 (holding trial court's failure to provide notice of conversion was harmless error where party had opportunity to submit evidence in opposition to motion and in fact did so); *Sullinger v. Sullinger*, 3rd Dist. Hardin No. 6-20-06, 2020-Ohio-5225, ¶ 15 ("we conclude that the trial court's failure to provide the required notice that it was converting [the moving party's] motion to dismiss into a motion for summary judgment is harmless error so long as the non-moving party had a sufficient opportunity to respond").

{¶64} When Fontain filed his Omnibus Memorandum in Opposition, he attached and relied on 22 exhibits.[6] Some exhibits had been previously attached to his Complaint, but other exhibits were submitted for the first time. Some exhibits purported to be filings from other cases in which the parties were involved, including, but not limited to, Hamilton 1— just as Attorney Berberich had attached exhibits to his motion to dismiss that purported to be documents that were filed in Hamilton 1. Fontain discussed some of these exhibits in arguing that Attorney Berberich's motion to dismiss should be denied. Therefore, not only did Fontain have the chance to provide evidence contradicting the exhibits attached to Attorney Berberich's motion to dismiss, he *did* provide such evidence. In this situation the trial court's failure to inform the parties of its intent to convert Attorney Berberich's motion to dismiss into a motion for summary judgment was harmless error. *Geier* at ¶ 17; *Dietelbach* at ¶ 9-13; *Sullinger* at ¶ 15.

{¶65} Having found that the trial court converted Attorney Berberich's motion to dismiss into a motion for summary judgment, that it failed to provide notice that it would do so, and that such failure was harmless error in the circumstances of this case, we next consider whether the trial court properly dismissed Fontain's claims against Attorney Berberich under Civ.R. 56.

---

6. Fontain filed a notice of filing of a 23rd exhibit, but the exhibit does not appear to have been attached to the notice.

**{¶66}** The documents filed in Hamilton 1 that were provided by Attorney Berberich demonstrated that he at first represented H&R Cincy and Harjinder in Hamilton 1, but that this representation terminated before any of the acts that are the focus of Fontain's allegations in this case.[7] In response Fontain points only to the fact that Attorney Berberich's name appears in the top left corners of the certificates of judgment.

**{¶67}** The mere fact that Attorney Berberich's name appears in the top left corners of the certificates of judgment does not show that Attorney Berberich participated in any way with the certificates of judgment or that he was even aware of the issuance of those certificates. The certificates state on their face that they were prepared by the Hamilton County Clerk of Courts, and do not state that they were prepared or requested by Attorney Berberich. The trial court found that the inclusion of Attorney Berberich's name on those documents must have been a clerical error, and it may well have been. But even more to the point, the certificates simply state nothing about Attorney Berberich participating in any way with the certificates of judgment. They only happen to list Attorney Berberich's name, with no context for why his name is listed. Fontain offers mere speculation in support of his contention that Attorney Berberich filed the certificates of judgment. Mere speculation is insufficient to create a genuine issue of material fact to avoid summary judgment. *Boettcher v. Grandall Co.*, 12th Dist. Butler No. 2008-02-051, 2008-Ohio-5664, ¶ 15. Fontain does not dispute that Attorney Berberich withdrew from his representation of the H&R Cincy

---

7. We note that Attorney Berberich failed to provide an affidavit or other document certifying the authenticity of the exhibits to his motion to dismiss. Fontain has not challenged the admissibility of Attorney Berberich's exhibits on appeal, and the trial court apparently considered those exhibits admissible and credible. We will therefore not consider whether the trial court should have disregarded the exhibits for lack of authentication. "In general, no evidence or stipulation may be considered in ruling on a summary judgment motion except as stated in Civ.R. 56. *See* Civ.R. 56(C). There is an exception where the non-movant fails to object to the movant's summary judgment evidence, in which case consideration of unsworn and unauthenticated exhibits is within the trial court's discretion." *U.S. Bank Natl. Assn. v. Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 18, citing *State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 10, 17; *Bank of America, N.A. v. Staples*, 7th Dist. Mahoning No. 14 MA 109, 2015-Ohio-2094, ¶ 36-39.

Defendants in Hamilton 1, and did so early in that case before the actions that are the focus of his claims in this case.

{¶68} Based on the summary judgment evidence, we conclude that Fontain can prove no set of facts entitling him to relief on any of the theories of liability expressed in the complaint as against Attorney Berberich. Therefore, the trial court properly dismissed Fontain's claims against Attorney Berberich under Civ.R. 56. Fontain's arguments to the contrary lack merit.

### 2. Dismissal of Claims Against the Prodigy Defendants

{¶69} The trial court dismissed Fontain's claims against the Prodigy Defendants because Fontain's complaint constituted his attempt to sue a receivership without first obtaining leave of the appointing court.

{¶70} Because a receiver is an "arm of the court," it is well settled as a matter of common law that a litigant cannot file suit against a receiver without first seeking leave of the court that appointed the receiver. *Ettayem v. Ramsey*, 10th Dist. Franklin No. 17AP-155, 2019-Ohio-675, ¶ 12; *Roberts v. Jackass Flats, L.L.C.*, 2d Dist. Montgomery No. 26811, 2016-Ohio-610, ¶ 15; *Bancohio Natl. Bank v. Southland Lanes, Inc.*, 3rd Dist. Seneca No. 13-87-10, 1988 WL 46193, *3 (May 12, 1988). This policy is known as the "Barton" doctrine, adopted in *Barton v. Barbour*, 104 U.S. 126, 128 (1881). *Ettayem* at ¶ 12. The Third District Court of Appeals has explained that there are "various reasons" for the doctrine, including:

> (1) that a suit against a receiver is in fact a suit against the appointing court, (2) that courts of equity, in accordance with their practice, may undoubtedly extend all proper protection to the receivers they appoint, (3) that the receiver ought not be required to respond to the possibly conflicting orders of two or more superiors, and (4) that the result of bringing suit against a receiver without leave would be that the Plaintiff would obtain an advantage over other claimants to the assets in the receiver's hands.

*Bancohio* at \*3, citing 80 Ohio Jurisprudence 3d, Receivers, Section 226, at 511 (1988).

{¶71} To the extent that Fontain's claims pertain to the actions of the receiver before the termination of the receivership by the Hamilton County trial court on September 12, 2019, such claims are barred and the trial court properly dismissed those claims because Fontain failed to obtain permission of the court that appointed the receiver—that is, the Hamilton County Court of Common Pleas. *Ettayem* at ¶ 12; *Roberts* at ¶ 15; *Bancohio* at \*3. In fact, without explicitly referencing it, Fontain acknowledged the Barton doctrine in his brief and made no argument specifically challenging the trial court's dismissal of his claims against the receiver before the termination of the receivership.

{¶72} But after acknowledging the Barton doctrine, Fontain argues the trial court improperly applied the doctrine here because "neither Defendant PRENDERGAST nor his clients were appointed Receivers," because "Prendergast and his clients were – FIRED by the appointing court," and because "on September 25, 2019, when defendant Prendergast filed the two fake Certificates he was not acting in any official capacity as Receiver \* \* \*." [Sic.] Fontain also states that "[Attorney] Prendergast['s] illegal conduct was never in the context of performing any duties of a Receiver and were NOT exercising judicially authorized functions as an arm of any court." [Sic.]

{¶73} Stated another way, Fontain appears to raise two questions, both of which present novel questions under Ohio law.

{¶74} First, does the Barton doctrine apply to employees of the receiver (Jeff Lane and April Lane) and to the attorney for the receiver (Attorney Prendergast)?

{¶75} Neither the Prodigy Defendants nor Fontain cite any case law about whether claims against a receiver's employees and attorneys are, like claims against the receiver itself, barred unless the litigant obtains permission from the court that appointed the

receiver. Yet we note that it appears to be common for courts to issue orders enjoining the commencement of lawsuits against not just a receiver, but the receiver's employees and attorneys. *Secs. and Exchange Comm. v. Ramirez*, S.D. Tex. No. 7:13-CV-531, 2016 WL 6902393, *1 (Oct. 20, 2016); *CitiBank, F.S.B. v. Weinberger*, N.D. Ind. No. 2:04-CV-497-PS, 2006 WL 1128235, *7 (Apr. 25, 2006). Likewise, the Hamilton County Court of Common Pleas, in its order terminating the receivership in Hamilton 1, found that "all of the actions and inactions of the Receiver, as well as the actions and inactions of its employees * * * and attorneys * * * were consistent with and within the scope of the powers and duties of the Receiver under R.C. Chapter 2735, this Court's orders, and Ohio law generally." (Complaint, Exh. 4.) Stated otherwise, the Hamilton County court considered the receiver, its employees, and its attorneys, as one entity.

{¶76} We have been unable to locate any Ohio case law specifically addressing whether the Barton doctrine applies to a receiver's employees and attorneys. But as mentioned above, the purposes of the Barton doctrine include that a suit against a receiver is a suit against the appointing court, that courts of equity may extend "all proper protection" to the receivers they appoint, and that a receiver ought not be required to respond "to the possibly conflicting orders of two or more superiors." *Bancohio*, 1988 WL 46193 at *3. These purposes would be frustrated if a litigant could get around the rule by suing not the receiver, but instead suing its employees and attorneys for actions undertaken on behalf of the receivership. Therefore, we hold, that in a situation like this one, the Barton doctrine requires that a litigant obtain the permission of the court that appointed a receiver to sue a receiver's employees or attorneys as to acts performed within the scope of their work for the receiver. As a result, Fontain's claims against Jeff Lane, April Lane, and Attorney Prendergast, for their actions taken before September 12, 2019, were barred because Fontain did not obtain the permission of the Hamilton County Court of Common Pleas to

bring those claims.  The Warren County trial court did not err in dismissing those claims.

{¶77}  This brings us to the second novel question raised by Fontain: does the Barton doctrine bar claims brought against a receiver and its employees as to their actions *after* the termination of the receivership?  Some of Fontain's claims pertain to the receiver's filing of the certificates of judgment in Warren County on September 25, 2019, roughly two weeks after the Hamilton County Court of Common Pleas terminated the receivership.

{¶78}  Once again, neither the Prodigy Defendants nor Fontain point to any case law directly addressing this question, and we must decide this question as a matter of common law.  We can envision various scenarios in which a litigant may try to sue a receiver or its employees or attorneys after the termination of a receivership.  We need not reach a conclusion here that would apply to all those potential scenarios.  In this case we face a very specific situation:  before the receivership's termination, the Hamilton County trial court awarded receivership fees, and shortly after the termination of the receivership the receiver obtained certificates of judgment which it then filed in Warren County to protect its ability to collect on the Hamilton County court's judgment.  The receiver was authorized to do so even after the termination of the receivership by the Hamilton County court's receivership termination order, which expressly stated that "IT IS FURTHER ORDERED that the Receiver and its attorneys have the exclusive right and authority to collect the delinquent costs and fees allowed by this Order."

{¶79}  In other words, while the certificates of judgment were filed after the receivership ended, the certificates concerned fees and costs incurred *during* the receivership and ordered by the appointing court in Hamilton 1.

{¶80}  The record evidence also shows that Fontain's claims about the September 25, 2019, filing of the certificates of judgment sought to re-litigate issues already litigated in Hamilton 1 at both the trial and appellate levels.  Therefore, Fontain's claims against the

Prodigy Defendants relate to actions taken and a judgment issued *before* the termination of the receivership.

**{¶81}** In this specific situation and given that Fontain failed to plead or provide evidence[8] establishing that he obtained leave of the Hamilton County court in Hamilton 1 to sue the receivership (or its employees and attorneys), to permit Fontain's claims against the Prodigy Defendants to proceed would undermine the purposes of the Barton doctrine. We therefore conclude that the Barton doctrine barred Fontain's claims against the Prodigy Defendants after the termination of the receivership.

**{¶82}** For all of these reasons, Fontain's failure to seek leave of court for his claims against the Prodigy Defendants deprived him of the ability to bring those claims and Fontain can prove no set of facts entitling him to relief on any of the theories of liability in his complaint against the Prodigy Defendants. The trial court did not err in dismissing those claims and Fontain's arguments to the contrary lack merit.[9]

### 3. Dismissal of Claims Against H&R Cincy Defendants

**{¶83}** The trial court dismissed Fontain's claims against the H&R Cincy Defendants as a sanction for failing to comply with the court's order that he provide a more definite statement of his specific claims against the H&R Cincy Defendants. On appeal, Fontain argues that the court's order would require him to "fabricate charges" against the H&R Cincy Defendants. Fontain further contends that the court's motivation for requiring him to

---

8. Our analysis of the conversion of Attorney Berberich's motion to dismiss into a motion for summary judgment and related to the permissibility of the trial court's review of exhibits, applies equally here to the Prodigy Defendants' motion to dismiss. Fontain's "Omnibus Response" included summary judgment evidence, but Fontain provided no evidence that he obtained permission for his suit against the Prodigy Defendants from the Hamilton County trial court.

9. The First District agrees. *Fontain*, 2021-Ohio-275 at ¶ 24 (noting trial court's entry determined that the actions of the receiver's employees and attorneys were proper and "Therefore, any subsequent claims against the receiver, its employees, or attorneys would be a collateral attack on the trial court's final judgment").

"fabricate charges" was an attempt to "cover-up" the "fraudulent" certificates of judgment filed by Attorney Prendergast.

{¶84} Fontain's argument is meritless. Fontain's statement that he would have to "fabricate charges" to comply with the court's order was effectively a concession that he lacked any legitimate causes of action against the H&R Cincy Defendants in the Warren County proceedings.

{¶85} Furthermore, Civ.R. 41(B)(1) states that "where the plaintiff fails to * * * *comply with* * * * *any court order*, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.) Here, the trial court informed Fontain, via its January 19, 2021 Decision, that he was ordered to provide a more definite statement about his claims against the H&R Cincy Defendants by February 5, 2021, or his claims against those defendants would be dismissed. Fontain failed to do so, and the trial court, in accordance with the notice it had provided to Fontain, dismissed those claims. The plain language of Civ.R. 41(B)(1) expressly permitted the trial court's actions. Civ.R. 41(B)(1). *Accord Williams v. Banner Buick, Inc.*, 60 Ohio App.3d 128, 131 (12th Dist.1989) (citing Civ.R. 41[B][1] and stating that "it is within the trial court's sound discretion to dismiss an action for failure to comply with a court order").

{¶86} For these reasons we find that the trial court did not err when it dismissed Fontain's claims against the H&R Cincy Defendants.

### 4. Remaining Arguments

{¶87} Fontain also argues that the dismissal of his claims against the H&R Cincy Defendants violated his substantive and procedural due process rights under the Fifth and Fourteenth Amendments, his "[c]ivil and [c]onstitutional rights" under 42 U.S.C. 1983, and his right to representation under the Sixth Amendment. Fontain fails to explain these arguments. Again, it is Fontain's obligation to demonstrate error on appeal; it is not our role

to develop arguments for him. *Ditech*, 2019-Ohio-2077 at ¶ 18. App.R. 16(A)(7) requires an appellant's brief to contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) further provides that an appeals court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)." We find that the trial court did not violate Fontain's constitutional or civil rights.

{¶88} Fontain also argues that the motions to dismiss filed by Attorney Berberich and the Prodigy Defendants, or in the alternative for summary judgment, should not have been granted because the defendants failed to raise affirmative defenses in their memoranda in support. Fontain misunderstands the Ohio Rules of Civil Procedure. Civ.R. 8(C) requires that affirmative defenses be raised in pleadings, not in supporting memoranda. Fontain's argument lacks merit.

### III. Conclusion

{¶89} We find that the court committed no error in dismissing Fontain's complaint as to all the defendants. We have reviewed and considered all thirteen of Fontain's assignments of error and we find, upon our review of the briefs and the record, that none of Fontain's arguments have merit. To the extent that Fontain makes any argument we have not specifically referenced in this opinion, we find that those argument lacks merit and/or would not require reversal. We overrule Fontain's second through thirteenth assignments of error.

S. POWELL, P.J., and HENDRICKSON, J., concur.