[Cite as *Canter v. Kingdomwork, L.L.C.*, 2024-Ohio-1231.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DOMINICK CANTER, et al., | : | |
| Appellants, | : | CASE NO. CA2023-05-049 |
| - vs - | : | O P I N I O N<br>4/1/2024 |
| | : | |
| KINGDOMWORK, LLC, et al., | : | |
| Appellees. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2021 09 1343

The Attkisson Law Firm, LLC, and Jack J. Lah, for appellant, Dominick Canter.

Bruns, Connell, Vollmar & Armstrong, LLC, and Thomas B. Bruns and Lucinda C. Shirooni, for appellee, Kingdomwork, LLC.

**PIPER, J.**

{¶ 1}   Appellant, Dominick Canter ("Canter"), timely appeals the trial court's entry which adopted the magistrate's decision granting summary judgment to appellee, Kingdomwork, LLC ("Kingdomwork").

{¶ 2}   The single-car accident that is the subject of this suit occurred on March 9,

2021. Canter was a passenger along with Charles Barrett and Kahil Cozad in a vehicle driven by Jordan Kenyon. Kenyon was driving nearly 80 miles per hour when he lost control of the vehicle. The car went off the road onto Kingdomwork's property and hit a freestanding sign constructed of brick. The vehicle then careened onward, hitting a nearby building. Canter and Cozad were seriously injured while Barrett died from the injuries he sustained.

{¶ 3} Canter filed suit against Kenyon and Kingdomwork,[1] and alleged that Kingdomwork was negligent per se because the sign was too close to the road. Andrew Larkin, personal representative of Barrett's estate, and Cozad later joined the suit, also alleging negligence by Kingdomwork for the sign's placement.

{¶ 4} Canter filed a motion for summary judgment, and Kingdomwork filed a motion for summary judgment against all three passengers. The parties' cross motions focused on whether the placement of the brick sign on Kingdomwork's property constituted negligence per se. The parties agreed that because the sign was less than 10 feet from the road that it would be in violation of the Middletown Development Code ("MDC") unless an exception applied.

{¶ 5} Kingdomwork presented to the court, via affidavit, a certified copy of a certificate of zoning compliance from the city of Middletown regarding the construction of the sign at the property. According to that document, the sign was constructed in 1974 when the property was owned by Ohio Bell Telephone. The certificate is not signed by the applicant who submitted the form, but it was signed by the Middletown zoning administrator on April 2, 1974 and issued certificate number 1990.74. The copy of the certificate submitted with Kingdomwork's motion was certified as a true and accurate copy

---

1. The complaint also named State Farm Mutual Insurance, the Ohio Department of Medicaid, and United Healthcare as defendants because they may have subrogation interest in the case.

by Middletown Development Services on July 26, 2022.

{¶ 6} In resolving the motions for summary judgment, a Butler County magistrate applied a "grandfather clause" found within the MDC and found that because the sign was compliant when it was constructed, the sign remained compliant at the time of the accident. The magistrate also noted that Canter did not provide any evidence to counter the evidence put forward by Kingdomwork that showed the sign was compliant when it was installed. Thus, the trial court found negligence per se could not be established and that Kingdomwork was entitled to judgment as a matter of law as to the parties' negligence claim.

{¶ 7} Kingdomwork moved for summary judgment on several other grounds as well: (1) the sign was not a hazard to ordinary on the road travel; (2) Canter had assumed the risk of being in a high-speed vehicle; (3) that Canter and the others in the vehicle were trespassers; (4) the sign was an open and obvious risk; and (5) the sign was not the proximate cause of Canter's injuries. Regarding these arguments, the magistrate simply stated, "With the exception of Kingdomwork's arguments regarding primary assumption of the risk, this Court finds all of Kingdomwork's arguments persuasive. This Court finds particularly persuasive the authority set forth in the case of *Snay v. Burr*, 167 Ohio St.3d 123, 2021-Ohio-4113 (2021)."

{¶ 8} After reviewing the applicable law and the magistrate's factual determinations, the trial court adopted the magistrate's decision, and Canter filed this appeal.

{¶ 9} On appeal, Canter raises a single assignment of error:

> **THE TRIAL COURT ERRED AS A MATTER OF LAW TO APPELLANT'S PREJUDICE IN HOLDING THAT A VIOLATION OF MIDDLETOWN DEVELOPMENT CODE SECTION 122.08(d)(4), A SAFETY ORDINANCE REQUIRING ALL FREESTANDING SIGNS TO BE SET**

**BACK NO LESS THAN TEN FEET FROM THE PUBLIC RIGHT-OF-WAY, DOES NOT CONSTITUTE NEGLIGENCE PER SE.**

{¶ 10} As an initial matter, we note that Canter's single assignment of error does not address the other grounds under which summary judgment was granted. As a result, our analysis on review will be limited to whether the placement of the sign was compliant under the law and whether Kingdomwork was negligent per se.

{¶ 11} Canter argues on appeal there is no evidence which shows the certificate of zoning compliance was "valid." The certificate, he argues, was not signed by an applicant or accompanied by other documentation the certification required. In addition, Canter asserts that the certificate does not, by itself, demonstrate that the sign "was erected in conformance with a valid certificate of zoning and compliance." Canter asserts these issues should have been decided by a jury.

{¶ 12} Under Civ.R. 56, a trial court may grant summary judgment when, "there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor." *Total Quality Logistics, L.L.C. v. JK & R Express*, L.L.C., 12th Dist. Clermont, 2022-Ohio-3969, ¶ 17. Trial courts should hesitatingly grant summary judgment, giving the nonmoving party all benefits of doubt. *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992).

{¶ 13} The unsupported assertion by the moving party that the nonmoving party has no evidence to prove its case is not sufficient ground for the trial court to grant summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107 (1996). However, if the moving party fulfills its burden and the nonmoving party presents no evidence to support the merits of their case, summary judgment is proper. *Welco Indus.*

at 346, citing *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d. 108, paragraph three of the syllabus (1991). "Mere speculation is insufficient to create a genuine issue of material fact to avoid summary judgment." *Fontain v. H&R Cincy Properties, LLC*, 12th Dist. Warren No. CA2021-02-015, 2022-Ohio-1000, ¶ 67.

{¶ 14} The granting or denial of summary judgment is reviewed on a de novo basis, and appellate courts consider the same standard as the trial court. *Holtrey v. Wiedeman*, 12th Dist. Warren No. CA2023-01-011, 2023-Ohio-2440, ¶ 12.

{¶ 15} MDC 1230.02 defines freestanding signs as "[a]ny sign supported upon the ground by a monument, pedestal, pole, bracing, or other permanent measure and not attached to any building." Under MDC 1220.08(d)(4), "All freestanding signs shall be set back a minimum of 10 feet from all rights-of-way and from adjacent lot lines and 50 feet from any adjacent lot in a residential zoning district or used solely for residential uses." However, MDC 1220.10(a) states that "signs that do not conform to the specific standards of this code may be considered legally nonconforming if the sign was erected in conformance with a valid certificate of zoning compliance and complied with all applicable laws at the time of the sign's installation * * *."

{¶ 16} We find no error by the trial court in granting summary judgment against Canter. The parties agree that the sign is not compliant under MDC 1220.08(d)(4) because the sign is only five feet away from the road. However, Kingdomwork presented evidence that the city of Middletown issued a certificate of zoning compliance regarding the sign in 1974. Regardless of whether the application, or the certified copy of it, contains the signature of the person who applied for the certification or whether all the required paperwork was attached to the application for certification, the certificate was signed and issued by the city of Middletown. As a result, there is no evidence suggesting the certificate is invalid or that the sign otherwise failed to comply with all applicable laws at

the time it was constructed. As a result, the sign is "legally nonconforming" under the MDC.

{¶ 17} Similarly, there is no reason to believe that the sign was not constructed in conformance with the certificate. Canter's argument amounts to mere speculation. There is nothing in the record which remotely speaks to, let alone supports, Canter's assertion that the sign was not compliant when it was constructed. Therefore, Canter's negligence claim on the basis of negligence per se fails as a matter of law.

{¶ 18} As a result of the foregoing, we agree with the trial court that there is no genuine issue of material fact remaining for trial and that Kingdomwork was entitled to judgment as a matter of law. The sign fell under the "grandfather" clause of the MDC.

{¶ 19} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.